UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

ROHIT GUPTA,                                                                          Petitioner,

v.                                                                      Civil Action No. 4:26-cv-528-DJH

MIKE LEWIS, Jailer, Hopkins County Jail
et al.,                                                                              Respondents.

\* \* \* \* \*

**ORDER**

Petitioner Rohit Gupta, by counsel, filed a petition seeking a writ of habeas corpus under

28 U.S.C. § 2241.  (Docket No. 1)  Gupta asserts that his bond hearing before an immigration

judge was constitutionally inadequate and that he "is not a flight risk based on substantive

documentation demonstrating strong equities supporting release."  (*Id.*, PageID.9 ¶ 28; *see id.*,

PageID.9–10)  Previously, in a different matter, Gupta raised essentially identical allegations

regarding his bond hearing.  *See* Motion to Enforce Judgment, Rohit Gupta v. Mike Lewis et al.,

No. 4:26-cv-310-CHB (W.D. Ky. May 22, 2026), D.N. 18, PageID.161–62.  In that case, United

States District Judge Claria Horn Boom denied Gupta's motion to enforce, finding that he did not

allege that his bond hearing was constitutionally deficient; dismissed the case; and entered

judgment.  *See* Order Dismissing Case, Rohit Gupta v. Mike Lewis et al., No. 4:26-cv-310-CHB

(W.D. Ky. July 28, 2026), D.N. 20, PageID.322–23 ("Petitioner does not allege any specific facts

as to why the immigration judge who conducted the bond hearing lacked neutrality."); D.N. 16;

D.N. 17.

District judges need not "entertain an application for a writ of habeas corpus to inquire into

the detention of a person pursuant to a judgment of a court of the United States if it appears that

1

the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a). Thus, "§ 2244 prohibits habeas applicants from filing a subsequent petition that relitigates the merits of previously denied claims." *Rivers v. Guerrero*, 605 U.S. 443, 450 (2025). As described above, Gupta attempts to relitigate arguments that Judge Boom denied regarding his bond hearing. To the extent that Gupta disagrees with the immigration judge's bond decision by contending that he does not present a flight risk (*see* D.N. 1, PageID.9 ¶ 28), the Courts lack jurisdiction to consider his arguments pursuant to 8 U.S.C. § 1226(e). *See Marroquin v. Noem*, No. 26-45-DLB, 2026 WL 575222, at *3 (E.D. Ky. Mar. 2, 2026) (quoting *Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737 (S.D. Tex. 2025)); *Nielsen v. Preap*, 586 U.S. 392, 401 (2019).

Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     The motion to appear pro hac vice (D.N. 4) is **DENIED** as moot.

(2)     Pursuant to 28 U.S.C. § 2244(a), this matter is **DISMISSED**, **STRICKEN** from the Court's docket, and **CLOSED**.

August 6, 2026

**David J. Hale, Chief Judge**
**United States District Court**

2